13464

SCHROEDER v. O'NEILL ET AL.

(165 S. E., 175)

*Messrs. Mitchell & Horlbeck* and *E. J. Blank,* for appellants,

*Messrs. Hagood, Rivers & Young,* for respondent, ▉

August 5, 1932.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

On August 25, 1930, the plaintiff herein brought suit against the defendants, alleging that she is the owner of a license to occupy a front beach lot on Sullivan's Island and that the beach in front of her lot has increased in size and

area by reason of accretions from the Atlantic Ocean. That in 1926 the board of township commissioners for Sullivan's Island issued licenses for this increased area to the defendants, laying off lots for them of less than one-half acre in size. Upon this and other appropriate allegations she contends that the licenses issued to the defendants are illegal for the reason that the board was not empowered to issue licenses for lots of less than one-half acre, and also that said licenses, if legal, became void by reason of the fact that no dwelling house was built upon the lots by the licensees or their assigns within twelve months after the licenses were issued. The complaint also prayed for an injunction against the defendants to restrain them from building or permitting any building upon said lots, and also that the licenses granted to the defendants be declared void. No restraining order was sought or issued. The statute laws of the State are relied upon to sustain the principal allegations of the complaint.

The defendants answered the complaint admitting certain allegations and denying others. They set out various defenses such as title, estoppel, acquiescence, waiver, easements, forfeiture of the purchase price, etc.

Upon the coming in of these answers, which joined the issues to be determined, the defendants served notice upon the plaintiff of a motion to place the cause on Calendar 1 for trial by jury. The notice also provided that in the event the Circuit Judge refused to place the cause on Calendar 1, then the defendants asked that certain questions of fact be submitted to the jury in the nature of issues out of chancery.

The motion was heard by Hon. W. H. Grimball, Circuit Judge, on June 17, 1931, and an order was passed by him refusing the motion on all grounds. In addition to this holding he went into a construction of the statutes bearing on the question without regard to the defenses set up by the defendants, to such an extent as virtually to dismiss the answers and to decide the case in favor of the plaintiff.

The result of this order is to compel an appeal by the appellants or their defenses may be considered abandoned without their having a day in Court. Regardless of the merits of these defenses, concerning which we express no opinion, the appellants should be allowed to present them.

The order of Judge Grimball should be affirmed in ██ refusing to place the cause on Calendar 1. All of the defenses were equitable in their nature except the question of title, which is generally legal. The questiton of title as involved here is derived from the statute, and hence becomes a matter of law for the Court and not of fact for the jury. *Trustees of University of South Carolina v. City of Columbia,* 108 S. C., 244, 93 S. E., 934.

However, we do not see why it was at all necessary for the Circuit Judge to go into the merits of the controversy in arriving at his decision as to whether the cause should be placed on Calendar 1 or on Calendar 2.

We also see no necessity for the framing of issues; such equitable issues as are present in this cause should be passed upon by the Court.

Upon an appeal to this Court from an order of the ■ Circuit Court based only on the pleadings in which the question to be decided was whether the cause should be placed upon Calendar 1 or upon Calendar 2, it would be extremely unjust to both plaintiff and defendants for this Court to decide the issues in the absence of testimony and with nothing before it to substantiate the allegations of the complaint or the defenses set out in the answers.

The judgment of this Court is that the order of the Circuit Court in refusing to place the cause on Calendar 1 and in refusing to order issues out of chancery be affirmed.

It is the further judgment of this Court that in the trial of this cause hereafter the reasoning of the Circuit Judge in refusing the order based upon his construction of the

statute law be disregarded as being unnecessary to his decision of the motion.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES STABLER, CARTER, and BONHAM concur.